**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4490**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

REGINALD ANTHONY HUNTER,

        Defendant - Appellant.

———————

**No. 14-4491**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

REGINALD ANTHONY HUNTER,

        Defendant - Appellant.

———————

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:12-cr-00289-MOC-1; 3:00-cr-00111-MOC-1)

———————

Submitted: January 15, 2015      Decided: January 20, 2015

———————

Before WILKINSON and NIEMEYER, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————————

Ross Hall Richardson, Executive Director, Ann L. Hester, Assistant Federal Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Reginald Anthony Hunter pled guilty to one count of bank robbery and one count of using and carrying a firearm during and in relation to a crime of violence. The district court sentenced him to 262 months' imprisonment. At the time he committed these offenses, Hunter was on supervised release for a 2001 conviction for two counts of armed bank robbery. Based on Hunter's admission to violating the terms of his supervision, the court revoked his supervised release and imposed a 22-month sentence, to run concurrently with the 262-month sentence.

The district court consolidated Hunter's appeals from the criminal judgment and the revocation judgment. Hunter's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the court erred by classifying Hunter as a career offender on both the bank robbery and the firearm charge and whether the 22-month sentence for violation of supervised release was plainly unreasonable. Hunter filed a pro se supplemental brief, asserting that district court misunderstood its authority to impose a variance sentence, that he was excluded from a sidebar conference during sentencing, and that counsel provided

3

ineffective assistance prior to and during the plea hearing. Concluding that the district court did not err, we affirm.

Hunter first contends that the court erred by classifying him as a career offender with respect to the firearm charge. Hunter was 49 years old at the time of the commission of the instant offenses. He had at least two prior convictions for bank robbery, committed in 1993 and 2000, and the instant offense—use of a firearm in the commission of a crime of violence—constitutes a crime of violence. Thus, he was properly classified as a career offender for the firearm charge, as well as the bank robbery. See U.S. Sentencing Guidelines Manual § 4B1.1(c)(2) (2013). In determining the applicable Guidelines range, the district court appropriately applied USSG § 4B1.1(c)(2), and determined that the applicable combined Guideline range for the two convictions is 262 to 327 months. See USSG § 4B1.1(c)(3). We find no error by the court in making this determination.

Hunter contends, in his pro se brief, that he was excluded from a sidebar conference and that the district court was mistaken concerning its authority to impose a downward variance sentence. However, the sidebar was on the record and was merely to consult as to the appropriate application of the Guidelines. Also, the court acknowledged its authority to impose a variant sentence but, on consideration of the

4

sentencing factors, 18 U.S.C. § 3553(a) (2012), determined that a within-Guidelines range sentence was appropriate. We find no abuse of discretion by the court in this determination.

Hunter next contends that the 22-month sentence imposed upon revocation of his supervised release was plainly unreasonable. Upon Hunter's admission to a Grade A violation of his supervised release, the court appropriately revoked his supervision. The Guidelines policy statement provides for a 33 to 41 month imprisonment term, USSG § 7B1.4 p.s. However, the statutory maximum revocation sentence was two years. Because Hunter had served two months on a prior revocation sentence, his imprisonment term was limited to 22 months. The court determined that 22 months was an appropriate term, and ordered the revocation sentence to run concurrently with the 262 months imposed for the new criminal conduct. This sentence is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). Accordingly, we affirm the revocation sentence.

Finally, we decline to reach Hunter's claims of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion

5

brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record.    United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).    Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude that these claims should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.    We therefore affirm Hunter's conviction and 262-month sentence, as well as his 22-month revocation judgment.    This court requires that counsel inform Hunter, in writing, of the right to petition the Supreme Court of the United States for further review.    If Hunter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.    Counsel's motion must state that a copy thereof was served on Hunter.    We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6